IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAILA FAYE GILBY                                                    PLAINTIFF

vs.                              Civil No. 2:14-cv-02252

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kaila Faye Gilby ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background**:

Plaintiff filed her disability application on January 4, 2012. (Tr. 22, 140).  In her application,

Plaintiff alleges being disabled due to lower back problems, asthma, and depression.  (Tr. 170).

Plaintiff alleges an onset date of August 27, 2011.  (Tr. 22, 140).  This application was denied

initially and again upon reconsideration.    (Tr. 94-96).    Thereafter, Plaintiff requested an

administrative hearing on her denied application, and this hearing request was granted.  (Tr. 106-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr."

108).

On December 4, 2012, the ALJ held an administrative hearing on Plaintiff's application in Fort Smith, Arkansas. (Tr. 38-93). Plaintiff was present at this hearing and was represented by Matthew Ketcham. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* At this hearing, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 43). As for her education, Plaintiff testified she had graduated from high school. (Tr. 43).

After this hearing, on March 8, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 19-32). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 24, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 27, 2011, her alleged onset date. (Tr. 24, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and osteoarthritis of her lumbar spine; asthma; depressive disorder, not otherwise specified (NOS); and schizoid personality disorder. (Tr. 24, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24-26, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-30, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

2

CFR 404.1567(b) except she can only occasionally climb, balance, stoop, kneel, crouch and crawl.  In addition, she can only occasionally perform overhead work/overhead reaching, and she must avoid even moderate exposure to fumes, odors, dusts, gases and poor ventilation.  Lastly, the claimant is able to perform simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and the supervision required is simple, direct and concrete.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform.  (Tr. 30-31, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 31-32, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following occupations: (1) maid or housekeeper (light) with 1,100 such jobs in Arkansas and 132,300 such jobs in the United States; (2) merchandise marker (light) with 2,700 such jobs in Arkansas and 313,700 such jobs in the United States; (3) production worker helper (sedentary) with 175 such jobs in Arkansas and 6,600 such jobs in the United States; and (4) production worker (sedentary) with 500 such jobs in Arkansas and 28,700 such jobs in the United States.  *Id.*  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from August 27, 2011 through the date of the ALJ's decision or through March 8, 2013.  (Tr. 32, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 16).  On November 24, 2014, the Appeals Council denied this request for review.  (Tr. 1-3).  Plaintiff then filed the present appeal on December 11, 2014.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 12, 2014.  ECF No. 6.  This case is now

ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to develop the record as to her RFC; (2) the ALJ improperly discounted her subjective complaints of pain; (3)  the ALJ erred in assessing her credibility; and (4) the ALJ erred in considering the severity of her impairments.  ECF No. 13.  Upon review of these claims, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints.  Accordingly, the Court will only address Plaintiff's second and third arguments for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

5

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 22-32). Instead of complying with its requirements, the ALJ did what is *specifically* prohibited by *Polaski* and discounted Plaintiff's subjective complaints because they were not supported by her objective medical records. Notably, the ALJ first provided the following generalized, vague statement regarding Plaintiff's subjective allegations:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptom; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 27).

Then, the ALJ stated he actually discounted Plaintiff's subjective allegations of disabling pain because those allegations were not supported by her medical records: "Based on a careful review of *the objective medical evidence of record as a whole,* the undersigned concludes that the claimant's musculoskeletal impairment and any related limitations are not severe to the degree that would limit activities beyond the scope of the residual functional capacity as determined in this decision." (Tr. 28) (emphasis added). Indeed, apart from the fact those allegations were not supported by her medical records, the ALJ provided no other reason for discounting Plaintiff's subjective complaints. (Tr. 26-30).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints because they

7

were not supported by her medical records was entirely improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  *Polaski* prohibits this exact practice of evaluating a claimant's RFC based upon the medical evidence alone. Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of July 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.